UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAIM NAZEEM TALIB MUHAMOUD YOUNG,

Plaintiff,

-against-

CAROL MINTZ, et al.,

Defendants.

21-CV-4351 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action invoking the Court's federal question jurisdiction. Plaintiff alleges that Defendants committed "computer crimes, unlawful mining Interference Defamation of character, [and] taking of private property for public use without just compensation." (ECF 2, at 2.)

By order dated June 8, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint, with 30 days' leave to replead, for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action concerns Plaintiff's "music being stolen" by Defendants Carol Mintz, Director of Warner Brothers Sound in New York City, Warner Brothers Records, and Warner Brothers Entertainment, both located in California. (ECF 2, at 5.) Plaintiff seeks money damages and "access to [his] proper medical records." (*Id.*)

Plaintiff alleges the following, verbatim:

I first received a email from a Warner Brothers Records. Asking to submit my music in which I did that was the start of my music being stolen and later said to be used for financial gain. Also the start of the computer crimes, daily harassment,

defamation of character and much more. I was told on cochlear implants that I have retinal implants, mechanical controlling devices located in my hands fingers, arms, legs Removal of tendons and ligaments. Surgery for vocal tuning and more. All without my consent or knowledge of who and where these surgical procedures. Told to me to be some sort of training program approved by the U.S. Government federal and all local and state Government Agencies for the Warner Brothers Company.

I was manipulated, assaulted on multiple occasions administered electrical shocks to my brain, back, face teeth and much more. I was told to call Carol Mintz Director of Operations at Warner Bros Sound in which I did. Only to be lied to and disrespected once again by the Warner brothers establishment. I've also had several conversations with Carol Mintz recorded on Audio Clearly violating my rights and admitting her involvement in all of this which I would like to submit to the Court as evidence.

(*Id.* at 5-6.)

Plaintiff maintains that the events giving rise to his claims occurred from 2015 to the present.

## DISCUSSION

### A.    Copyright Infringement

The Court construes Plaintiff's allegations that Defendants stole his music as seeking relief for copyright infringement. The Copyright Act gives the owner of a copyright certain "exclusive rights," 17 U.S.C. § 106, to protect "original works of authorship," 17 U.S.C. § 102(a). "[T]he author is the party who actually creates the work, that is, the person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 737 (1989). To establish copyright infringement, a claimant must show: (1) ownership of a valid copyright; and (2) unauthorized copying of constituent elements of the work that are original. *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991); *Jorgenson v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003).

Here, Plaintiff fails to state a claim under the Copyright Act because he does not allege that he owned a valid copyright or that Defendants copied his work. Moreover, he does not

3

identify the stolen music or state how Defendants infringed on this protected material. The Court therefore dismisses the copyright claim for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B.   Constitutional Claims

To the extent Plaintiff alleges that Defendants violated his rights under the U.S. Constitution, such claims must be dismissed.

To state a constitutional claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are therefore not generally liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). As Defendants are private parties who do not work for any state or other government body, Plaintiff has not stated a claim against these defendants under section 1983.

## C.   Leave to Replead

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Although the defects in Plaintiff's complaint likely cannot be cured with an amendment, the Court grants Plaintiff 30 days' leave to replead his copyright infringement claim.[1]

---

[1] The Court notes that Plaintiff's claims related to his implants appear to be frivolous, that is, they appear to "lack[ ] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n

4

## CONCLUSION

Plaintiff's complaint is dismissed for failure to state a claim, with 30 days' leave to replead the copyright infringement claim.  A civil judgment will not issue at this time.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    June 15, 2021
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").